IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEN GSELL,                          :    CIVIL ACTION
                                    :    NO. 13-05723
          Plaintiff,                :
                                    :
     v.                             :
                                    :
RUBIN AND YATES, LLC                :
                                    :
          Defendant.                :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        September 4, 2014


     This case raises the question of whether a lawyer, who is
not admitted to practice in the Eastern District of Pennsylvania
("E.D. Pa."), generally or pro hac vice, may recover attorney's
fees as a "consulting" attorney, under a fee-shifting statute,
for work performed in a case in the E.D. Pa. in which his client
was the prevailing party. The answer is that, under the
circumstances of this case, he may not.


     I.   BACKGROUND

          a. The Underlying Action

     Plaintiff Jen Gsell ("Plaintiff") filed a one-count
complaint against Defendant Rubin & Yates, LLC ("Defendant"), a
debt collection firm doing business in Pennsylvania. Plaintiff
asserts that during a February 2013 collection call, Defendant

communicated information to third parties regarding a debt owed by Plaintiff, used false, deceptive, or misleading representations or means in connection with the collection of a debt, and threatened to take legal action where no such action was actually intended, all in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").  See Complaint ¶¶ 14-17, ECF No. 1.

Plaintiff asserts no actual damages caused by Defendant's FDCPA violations. However, the FDCPA provides for an award of up to $1,000.00 in civil damages for a plaintiff suing a debt collector for statutory violations, exclusive of any actual damages sustained. See 15 U.S.C. § 1692k(a)(2).  In addition to $1,000.00 in statutory damages, Plaintiff seeks $2,690.10 in attorney's fees and $400.00 in costs.  See 15 U.S.C. § 1692k(a)(3) (providing for an award of reasonable attorney's fees and costs to a prevailing party in a successful FDCPA enforcement action).

The underlying action resulted in a default judgment being entered against Defendant, as Defendant, although properly served and thus aware of the Complaint, chose not to respond.[1] As

---

[1]    It appears that, given the $1,000.00 cap on statutory damages and the fee-shifting nature of the statute, this Defendant chose to allow a default to be entered, in which case damages are limited to the $1,000.00 and attorney's fees and costs. Most likely, this decision was strategic, as the costs resulting from the default may be much less than the cost of defending this action.

prevailing party, Plaintiff is thus entitled to an award of $1,000.00 in statutory damages, plus reasonable attorney's fees and costs. Whether the attorney's fees sought by Plaintiff are recoverable in this case raises a separate matter which the Court must now address.

      b. The Motion for Attorney's Fees and Breakdown of Work Performed

Plaintiff is ostensibly represented by Jason Rettig, Esq., a solo practitioner admitted to practice in both Pennsylvania and the E.D. Pa. Plaintiff's motion for attorney's fees reveals that Ryan Lee, Esq., a California-based attorney admitted to the state bars of California and Arizona but not Pennsylvania or the E.D. Pa., performed substantial work in this case on behalf of Plaintiff. Mr. Lee is an associate of Krohn & Moss, Ltd., a national law firm which specializes in bringing FDCPA and similar consumer actions in different jurisdictions throughout the country.[2] Mr. Lee did not seek pro hac vice[3] admission, nor

---

[2]    Krohn & Moss's website indicates that the law firm originated in Illinois in 1995 and has expanded to operate in 38 states, with offices in California, Illinois, Missouri, and Ohio. The firm advertises extensively and promotes its services through its website. See Bilazzo v. Portfolio Recovery Associates, LLC, 876 F. Supp. 2d 452, 462 (D.N.J. 2012).

[3]    Admission "pro hac vice," or "for this occasion or particular purpose," according to Black's Law Dictionary, "refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case." Black's Law Dictionary (Bryan A. Garner, et al., eds., 9th ed. 2009).

did he enter an appearance in the case. Regardless, Mr. Lee now seeks compensation as a "consulting" attorney in the case.

Plaintiff's underlying case apparently was initiated on February 18, 2013, when Mr. Lee received an inquiry from Plaintiff (an apparent visitor to Krohn & Moss's website), spoke with Plaintiff, and researched the initial viability of Plaintiff's FDCPA claim. See Pl. Mot. Default Judgment, Ex. 6, Statement of Services 2, ECF No. 9-6. Between February 18, and February 22, 2013, Mr. Lee spent 4 hours interviewing Plaintiff, organizing the underlying facts of Plaintiff's claim, and drafting a complaint. Id. at 1-2. On February 22, 2013, Mr. Rettig billed .2 hours for reviewing and approving the Complaint drafted by Mr. Lee. Id. at 1.

On March 29, 2013, Mr. Lee prepared a pre-litigation demand, billing .2 hours, and Mr. Rettig reviewed and approved this demand, billing .1 hour. Id.

On September 20, 2013, a Krohn & Moss paralegal prepared the Complaint for filing, and the Complaint was filed on September 30, 2013. Id. Service on Defendant was carried out by a process server on October 17, 2013. Id.

On December 4, 2013, Mr. Lee prepared a "Request for Entry of Default," billing .6 hours, and Mr. Rettig reviewed and approved this request, billing .2 hours. Id. On February 12,

4

2014, Mr. Lee drafted a second request for entry of default, which Mr. Rettig again reviewed and approved, each apparently billing .2 hours. <u>Id.</u>

On February 28, 2014, Mr. Lee spent 1 hour preparing a Motion for Default Judgment, which Mr. Rettig spent .3 hours reviewing and approving. <u>Id.</u>

Plaintiff's motion for attorney's fees is limited to the described work performed between February 18, 2013, and February 28, 2014, and thus seeks recovery for work performed by:

(i)      Mr. Rettig, for 1 hour, at a rate of $290.00 per hour—totaling $290.00;

(ii)     Mr. Lee, for 6.3 hours, at a rate of $387.00 per hour—totaling $2,438.10 ; and

(iii)    a Krohn & Moss paralegal, for 1.6 hours, at a rate of $145.00 per hour—totaling $232.00.

<u>See</u> Statement of Services 4. Plaintiff thus seeks recovery of $2,960.10 in attorney's fees, plus $400.00 for costs incurred in filing and service of the Complaint, for a total of $3,360.10.

II.  RULES OF ADMISSION

a. <u>Purpose of the Rules</u>

The Court has a duty to maintain the integrity of proceedings and the confidence of the public. These obligations cannot be upheld without a means of restricting admission to

practice to individuals who are familiar with and are committed to the ethical and procedural standards required of officers of the Court. See Tolchin v. Supreme Court of N.J., 111 F.3d 1099, 1110-11 (1997) (upholding a New Jersey state rule mandating that attorneys practicing in the state maintain a "bona fide" office, noting that state courts "have a substantial interest in assuring the availability of and overseeing attorneys practicing within their borders"); see also Leis v. Flynt, 439 U.S. 438, 445 n. 5 (1979) (recognizing, in a case upholding a state court's right to restrict pro hac vice admission of out-of-state attorneys, the "traditional authority of state courts to control who may be admitted to practice before them"); Goldfarb v. Va. State Bar, 421 U.S. 773, 792 (1975) ("The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'").

Local rules of civil procedure, placing limitations on admission to practice within a district, are enacted by a district court in accordance with its duty to ensure orderly administration of justice. See 28 U.S.C. § 2071 (providing rule-making authority to federal district courts). Accordingly, the E.D. Pa. has enacted rules of admission to the Court for both attorneys admitted to practice in Pennsylvania ("general" admission) and attorneys who are not admitted to practice in

Pennsylvania but who wish to appear in a single proceeding ("pro hac vice" admission).

### b. Admission to the Eastern District of Pennsylvania

The E.D. Pa.'s Local Rules of Civil Procedure specifically provide that an attorney may be admitted to practice before the District Court for the Eastern District of Pennsylvania, where that individual is a member of good standing of the bar for the Supreme Court of Pennsylvania, and upon motion of an existing member of the E.D. Pa. bar. See Local R. Civ. P. 83.5. Mr. Lee does not contend that he is a member of the Pennsylvania bar and therefore he is not eligible for general admission under this provision of the Local Rules.

### c. Pro Hac Vice Admission to the Eastern District of Pennsylvania

Participation in litigation before the District Court by attorneys who are not admitted to practice in Pennsylvania[4] or

---

[4]     The Pennsylvania Rules of Professional Conduct ("PRPC"), which govern admission to practice before the Pennsylvania Supreme Court, a pre-requisite for general admission to practice in the E.D. Pa., provides that "a lawyer admitted to another United States jurisdiction . . . may provide legal services on a temporary basis in this jurisdiction that are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter . . . ." PRPC 5.5(c). Thus, PRPC 5.5(c) appears to provide the same precondition for a non-admitted attorney to participate actively in a case within Pennsylvania as appears in the E.D. Pa.'s Local Rules: that such conduct may be done only as a close collaboration with a licensed Pennsylvania attorney.

the E.D. Pa., is also specifically provided for in the E.D.
Pa.'s Local Rules:

> An attorney who is not a member of the bar
> of this Court shall not <u>actively participate</u>
> in the conduct of any trial or pre-trial or
> post-trial proceeding before this Court
> unless, upon motion of a member of the bar
> of this Court containing a verified
> application, leave to do so shall have been
> granted.

Local R. Civ. P. 83.5.2(b) (emphasis added).

Plaintiff concedes that Mr. Lee has failed to obtain
admission within the E.D. Pa., in either a general or <u>pro hac</u>
<u>vice</u> capacity.[5] However, Plaintiff asserts that compensation for
Mr. Lee's work in the case is still appropriate, as his role was
limited to that of a "consulting" attorney. Thus, the Court must
decide whether Mr. Lee actively participated in the case, thus
requiring <u>pro hac vice</u> admission, or whether he acted merely as
a "consulting" attorney.

---

[5]     Although Mr. Lee has not been admitted to the bar of the Supreme
Court of Pennsylvania at the time of this opinion, the Court does not
reach the question of whether Mr. Lee's conduct constitutes the
unauthorized practice of law, requiring either administrative
disciplinary or criminal sanctions. <u>See</u> PRPC 5.5; <u>Commonwealth of</u>
<u>Pennsylvania v. Steinberg</u>, Pa. Super. Ct. No. 1761 WD 2012 (Aug. 26,
2014) (affirming disbarred attorney's criminal conviction of two
counts of unauthorized practice in violation of 42 Pa. Con. Stat. Ann.
§ 2524(a)).

III. "ACTIVE" PARTICIPATION VERSUS "CONSULTING" ROLE

Bilazzo v. Portfolio Recovery Assoc., 876 F. Supp. 2d 453
(D.N.J. 2012), like the present case, involved a motion for
attorney's fees for services rendered by purported "consulting"
attorneys who performed most of the work on the case, but who
were not admitted to practice before the district court
presiding over the case. The plaintiff in Bilazzo had obtained a
local counsel of record who was admitted to practice before the
district court and who was described as "lead counsel." Id. at
459. When the plaintiff moved for attorney's fees and costs,
however, the vast majority of fees claimed were for the services
of two out-of-state "consulting" Krohn & Moss attorneys and not
for the local "lead" counsel. The Bilazzo court recognized that
a "reasonable fee" might be recovered "for time spent by
individuals what are not members of the bar, but whose work
product contributed to the results obtained in th[e] case,"
including legal consultants, as well as other support staff. Id.
at 461. The court then needed to determine whether the services
rendered by a non-admitted attorney in that case could be
considered the work of a "consulting" attorney, as allowed under
the local rules of admission,[6] and thus eligible for recovery.

---

[6]     District of New Jersey Local Rule of Civil Procedure 101.1
parallels the admission practice provisions of E.D. Pa.'s Local Rule
of Civil Procedure 83.5. Like E.D. Pa. Local Rule 83.5(a), D.N.J.
Local Rule 101.1(b) provides for general admission for attorneys
already admitted to practice before the New Jersey Supreme Court.

In Bilazzo, Judge Hillman applied a five-factor test to decide whether the out-of-state attorneys had acted in a permissible "consulting" role, or had actively participated in the case in violation of the local rules. See id. at 464. Generally, a non-admitted attorney performs the role of "consulting" attorney when the attorney:

(1)   refrains from direct contact with the client  . . . ;
(2)   refrains from any significant contact with opposing counsel . . . ;
(3)   does not sign pleadings or motions filed with the court, and does not draft a substantial portion of the pleadings—specifically the complaint;
(4)   engages almost exclusively in activities such as reviewing motions, preparing memos, editing documents, discussing litigation strategy with lead counsel, conducting legal research, and the like; and
(5)   records only a modest number of hours during the course of litigation as compared to that of lead counsel and other attorneys admitted to practice in the relevant jurisdiction.

Id. at 464.

Applying these factors, Judge Hillman concluded that the nature of work done by the out-of state attorneys "far exceeded" the type of conduct permitted by non-admitted "consulting" attorneys, and therefore that the out-of-state attorneys had

---

Within the District of New Jersey, an out-of-state attorney, not eligible for general admission under Rule 101.1(b), "may, in the discretion of the Court, on motion [for pro hac vice admission], be permitted to appear and participate in a particular case." D.N.J. Local Rule 101.1(c). Likewise, in the E.D. Pa., "an attorney who is not a member of the bar of this court shall not actively participate" in proceedings before the Court without securing pro hac vice admission. E.D. Pa. Local Rule 83.5.2(b).

violated the District of New Jersey's Local Rule 101.1(c).
Specifically, the court noted that the out-of-state attorneys
incurred 81% of the billable hours incurred, compared to local
counsel's 19%, id. at 465, that the out-of-state attorneys
"engaged in substantial and direct contact with the client,
through client consults, interviews and correspondence," id. at
466, that they "engaged in significant contact with opposing
counsel," including presentation of a pre-suit demand, id., and
that they drafted significant filings, including the complaint,
id.

After finding that the out-of-state attorneys had actually
served as lead counsel, rather than in a "consulting" role, the
district court in Bilazzo reduced the attorney's fees granted to
the FDCPA plaintiff, as a sanction for the attorneys' failure to
obtain pro hac vice admission. Fees were not denied entirely,
based on the court's concern for the mandatory nature of a fee
award under FDCPA § 1692(a)(3), as well as the fact that it
found insufficient evidence to warrant a finding that counsel
had purposefully violated the applicable local rules. Bilazzo,
876 F. Supp. 2d at 468. However, the court also noted that the
particular attorneys involved (from Krohn & Moss, the law firm
also involved in this case) were on notice of their obligation
to obtain pro hac vice admission in the future. Id. at 468 n.
10.

11

Other courts, outside the Third Circuit, have also addressed when a non-admitted "consulting" attorney may be entitled to recover attorney's fees. For instance, in Winterrowd v. American General Annuity Ins., 556 F.3d 815 (9th Cir. 2009), the Ninth Circuit considered whether an out-of-state attorney who provided assistance to lead counsel could recover attorney's fees, despite his failure to obtain pro hac vice admission. There, plaintiffs in an action raised in the Central District of California sought attorney's fees in part for work completed by an Oregon attorney who was not admitted to practice in California or before the Central District of California. This out-of-state attorney's role was limited to "advising [California lead counsel]," "reviewing pleadings," and "minimal, nonexclusive contact with the client." Winterrowd, 556 F.3d at 823-24. The Ninth Circuit found relevant that the out-of-state attorney had remained within a permissible "litigation support" or consulting capacity because these limited contributions to the case "did not rise to the level of 'appearing' before the district court," and thus his fees were recoverable. Id. at 824.

The Ninth Circuit reasoned that recovery for an out-of-state consultant's services was no different than recovery for the work of paralegals, database managers, legal support, summer associates, and even attorneys who have yet to pass the bar. Id.

12

at 823 (citing Dietrich Corp. v. King Resources, Co., 596 F.2d 422, 426 (10th Cir. 1979); Spanos v. Skouras Theatres Corp., 364 F.2d 161, 196 (2d Cir. 1966)). In all of these circumstances, the fees are still recoverable on the theory that an admitted attorney has "vouched" for the work of the supporting actors and "acted as a filter" between the supporting contributors and the court. Winterrowd, 556 F.3d at 824-25 (citing Dietrich, 596 F.2d at 426).

In Spanos v. Skouras Theatres Corp., a suit between a legal consultant and a former client regarding the apportionment of an attorney's fees award, the Second Circuit noted the distinction between an out-of-state "consulting" attorney, for whom recovery for legal services might be allowable without admission to the local bar, and a non-admitted attorney acting as lead counsel. Spanos, 364 F.2d at 165. The court suggested that perhaps this "consulting" role was defined by the degree of supervision from lead counsel and direct interaction with a client. Id. at 165, 167. The Second Circuit found that the non-admitted attorney in that case was not a mere consultant, as he "was not operating under the supervision or control of the other [admitted] attorneys." Id. at 167. Accordingly, the Second Circuit held that the non-admitted attorney was obligated to obtain pro hac vice admission to practice before the district court; due to his

failure to obtain such admission, the Second Circuit reversed the award of attorney's fees to this attorney. Id.

More recently, in Krapf v. Nationwide Credit Inc., the Central District of California considered whether attorney's fees could be awarded for the work of an out-of-state attorney who was not admitted pro hac vice, but whose contribution to a pending case was purportedly limited to "litigation support." Civ. No. 09-00711, 2010 WL 4261444 at *2 (C.D. Cal. Oct. 21, 2010). The district court found that the out-of-state attorney had maintained a consulting role, as he "recorded a modest number of hours compared with [in-state counsel]," he did not have contact with the plaintiff client or opposing counsel, his work product was "filtered through" local counsel, and his role was limited to "reviewing motions, preparing memos, and discussing trial strategy with [local] counsel." Id. at *3. Because the out-of-state attorney's role was that of a consultant and did not rise to the level of an "appearance," the court found that the attorney was not required to obtain pro hac vice admission, and that the cost of his services was recoverable as part of an award for attorney's fees. Id.

From the various decisions considering whether an out-of-state attorney occupied the sort of "consulting" role that would allow for an award of attorney's fees despite the attorney's failure to seek pro hace vice admission in the local court, a

consistent list of relevant factors emerges. The weight that
each factor commands necessarily depends on the facts of the
underlying case.

Where an out-of-state attorney's participation was limited
to that of a consultant whose services are compensable despite
lack of pro hac vice admission, that attorney likely:

(1)  refrained from direct client contact, see Bilazzo, 876
     F. Supp. 2d at 464, 466; Winterrowd, 556 F.3d at 824;
     Spanos, 364 F.2d at 165; Krapf 2010 WL 4261444 at *3;

(2)  refrained from contact with opposing counsel, see
     Bilazzo, 876 F. Supp. 2d at 464; Winterrowd, 556 F.3d
     at 824;

(3)  did not sign or draft substantial portions of
     pleadings, especially the complaint, see Bilazzo, 876
     F. Supp. 2d at 464; Winterrowd, 556 F.3d at 824; Krapf
     2010 WL 4261444 at *3;

(4)  restricted his participation in the case to reviewing
     motions, drafting internal memos, and advising lead
     counsel, such that his work was supervised by, and
     ultimately "filtered" through the lead attorney,
     Bilazzo, 876 F. Supp. 2d at 464-65; Winterrowd, 556
     F.3d at 824; Dietrich 596 F.3d at 426; Spanos, 364
     F.2d at 165; Krapf 2010 WL 4261444 at *3;

(5)   recorded only a modest number of hours on a case,
      relative to lead counsel and other admitted attorneys
      working on a case, see Bilazzo, 876 F. Supp. 2d at
      464-65; Krapf 2010 WL 4261444 at *3.


IV.   MR. LEE WAS NOT A CONSULTING ATTORNEY

    Having identified the factors that tend to define a
"consulting" attorney, the Court will proceed to evaluate the
record to determine whether Mr. Lee, the out-of-state attorney
for whose services Plaintiff seeks to recover attorney's fees,
may be considered a "consulting" attorney.

    In the pending case, the Statement of Services provided by
Plaintiff records that Mr. Lee was the sole attorney to actually
speak with Plaintiff. See Statement of Services 1-2.[7] At the
April 17, 2014 hearing, however, Mr. Rettig indicated that he
discussed the case with his client on at least one occasion, for
which he did not bill and therefore there is no written
confirmation that Mr. Rettig's memory is actually accurate on
this point. It appears, however, that it was Mr. Lee who "signed
up" the client and who made the primary decision to file suit.
Under these circumstances, the Court finds that it was Mr. Lee

---

[7]    The Statement of Services submitted by Plaintiff, which records
the work performed and hours billed by each attorney on this case,
indicates that the only contact between Plaintiff and counsel
consisted of communications with Mr. Lee on February 18, 21, and 22,
2013. See Statement of Services 1-2.

who had primary contact with the client and thus this factor weighs in favor of finding that Mr. Lee's participation in this case went beyond that of a "consulting" attorney.

The second factor to consider, contact with opposing counsel, does not weigh for or against finding Mr. Lee to be a "consulting" attorney, as Defendant has defaulted in the case and inter-counsel contact did not occur.

As to the third factor, submissions to the Court, several of Plaintiff's submissions to the Court, including two motions for default and the pending motion for default judgment, refer to Krohn & Moss attorneys as Plaintiff's counsel. See Mot. Entry Default 1, ECF No. 3 (requesting, on behalf of "Plaintiff . . . through attorneys, KROHN & MOSS, LTD.," that the Court direct the Clerk of Court to enter a default against Defendant); 2nd Mot. Entry Default 1, ECF No. 5; Am. Mot. Default J. 1, ECF No 9 ("NOW COMES Plaintiff . . . by and through her attorneys, KROHN & MOSS, LTD. . . ."). While Mr. Lee did not sign any of Plaintiff's submissions to the Court, it was Mr. Lee who prepared them. The third factor thus weighs in favor of finding that Mr. Lee occupied more than a "consulting" role.

As to the fourth factor, a review of Plaintiff's statement of services indicates that Mr. Lee completed his work in the case independently of Mr. Rettig, which included initial consultation with the client, organization of the facts of the

17

case, and composition of most, if not all, of the materials submitted to the Court in the case, including the complaint. These facts support the conclusion that Mr. Lee's role was not limited to internal research and advice to Mr. Rettig and that Mr. Lee was the apparent pilot guiding the course of the litigation. While Mr. Rettig nominally signed the pleadings, there is no evidence that Mr. Rettig acted as a "filter" insuring compliance with the Local Rules.[8]

Finally, the number of hours that Mr. Lee recorded in this case, 6.3 hours (86%) to Mr. Rettig's 1 hour (14%), suggests that Mr. Lee did not contribute only the "modest" number of hours relative to local counsel expected of a merely

---

[8]    That "local" counsel did not primarily direct litigation is evidenced by Plaintiff's procedural difficulty in obtaining a default in this case.

On December 5, 2013, Plaintiff first filed a "Motion for Clerk's Entry of Default," which was submitted directly to the Court (ECF No. 3), and which the Court denied on December 12, 2013 (ECF No. 4). In a footnote to that order, the Court instructed Plaintiff to submit any requests for default against Defendant directly to the Clerk of Court.

In spite of the Court's instruction, Plaintiff filed a "Second Motion for Clerk's Entry of Default" on December 19, 2013 (ECF No. 5), which included the same request for the Court to order the Clerk of Court to enter default against Defendant. The Court again denied this request on January 7, 2014 (ECF No. 6), directing Plaintiff's counsel to refer to the Clerk's Office's procedural handbook for the proper procedure for requesting an entry of default from the Clerk's office.

Finally, on February 12, 2014, Plaintiff filed a request for default directly to the Clerk of Court (ECF No. 8), which was granted the same day.

"consulting" attorney. See Bilazzo, 876 F. Supp. 2d at 464-65, Krapf 2010 WL 4261444 at *3.

On balance, the Court thus finds that Mr. Lee "actively participated" in the case, rising well above what could be attributed to a "consulting" attorney, and therefore he may not excuse his failure to obtain pro hac vice admission as required by Local Rule 83.5.2(b) on this ground.


V.   MR. LEE WILL BE DENIED ATTORNEY'S FEES

Having determined that Mr. Lee was in violation of E.D. Pa. Local Rule 83.5.2(b) by failing to obtain pro hac vice admission in this case, the Court must next determine what attorney's fees, if any, may be awarded for Mr. Lee's participation in this case.

The FDCPA mandates, in the event of a successful enforcement action, the award of "the costs of the action, together with a reasonable attorney's fee as determined by the Court." 15 U.S.C. § 1692k(a)(3).[9]  In measuring what fee award for work performed by Mr. Lee would be "reasonable," the Court

---

[9]     The Court recognizes that the FDCPA, as a general matter, mandates an award of attorney's fees as a means of fulfilling Congress's intent of allowing private enforcements of the FDCPA against debt collectors. See Granziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). However, while an award of attorney's fees to a prevailing party in an FDCPA may be regarded as "required" absent unusual circumstances, id., this mandate does not undermine the Court's duty to deny attorney's fees that are unreasonable or inappropriate.

notes that other courts have found a non-admitted attorney's failure to secure pro hac vice admission a sufficient reason to deny fees entirely for the contributions of that attorney. See Idaho Sporting Congress, Inc. v. Alexander, 23 F. App'x 713, 714 (9th Cir. 2001) ("Failure . . . to properly and timely request pro hac vice admission before the district court was a sufficient reason to deny [non-admitted attorney's] application for attorneys' fees."); Spanos, 364 F.2d at 167 (reversing award of attorney's fees for non-admitted attorney who failed to obtain pro hac vice admission); Martz v. PNC, N.A., Civ. No. 06-1075, 2008 WL 1994858 at *4 n. 19 (W.D. Pa. May 5, 2008) (denying portions of an attorney's fee award for the work of non-admitted attorneys who had failed to obtain pro hac vice admission).

In light of Mr. Lee's willful violation of Local Rule 83.5.2(b), the Court concludes that Mr. Lee is not eligible to receive attorney's fees in this case.[10]

VI.   CONCLUSION

The Court finds that because Mr. Lee was not admitted to practice in Pennsylvania or the E.D. Pa. and yet actively participated in the case without obtaining pro hac vice

---

[10]   Fees for services performed by the Krohn & Moss paralegal in this case will be disallowed, as the paralegal worked under the supervision of Mr. Lee, and his fees have been disallowed.

admission, Mr. Lee violated Local Rule 83.5.2(b) and therefore may not receive attorney's fees.

The Court will approve an award of attorney's fees for services rendered by Mr. Rettig, who, in essence, acted as local counsel in this case.  Additionally, the costs associated with filing the action will be granted pursuant to 15 U.S.C. § 1692k(a)(3).

An appropriate order and entry of judgment follow.